IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN SYMS, | |
| Petitioner, | |
| vs. | Civil No. 17-CV-00959-NJR |
| UNITED STATES OF AMERICA, | Criminal No. 13-CR-30125-DRH-5 |
| Respondent. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence filed by Steven Syms ("Syms") (Doc. 1). For the reasons set forth below, the motion is denied.

## FACTUAL & PROCEDURAL BACKGROUND

On June 18, 2013, Syms was charged by Indictment with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine. *United States v. Meeks et al.*, 13-cr-30125-DRH-5 at Doc. 1 (S.D. Ill.). Syms entered a guilty plea on August 28, 2014. *Id.* at Doc. 306.

On October 22, 2014, a Presentence Investigation Report ("PSR") was filed, Syms's objections to the PSR were filed on November 18, 2014, and responses to the objections by the Government and the United States Probation Office ("USPO") were filed on November 24, 2014. *Id.* at Docs. 350, 370, 374, 375. Based on responses to the objections, Syms's attorney withdrew the objections, stating, "Counsel and Defendant are in agreement that withdrawal of Mr. Syms['s] pending objections are appropriate at this

time." *Id.* at Doc. 477.

Syms filed a sentencing memorandum on May 29, 2015, seeking a sentence of the statutory minimum of 120 months, below the advisory guideline range. *Id.* at Doc. 479. The sentencing memorandum noted mitigating factors such as Syms's minimal criminal background, his employment history, family ties, and rehabilitation potential. *Id.* A revised PSR was filed on September 11, 2015, with a guidelines range for a sentence of 151 to 188 months. *Id.* at Doc. 523. After a sentencing hearing, the Court adopted the findings of the PSR and sentenced Syms to 151 months' imprisonment. *Id.* at 536. Syms appealed, and the Seventh Circuit affirmed his sentence on January 17, 2017. *United States v. Syms*, 846 F. 3d 230 (7th Cir. 2017).

On September 8, 2017, Syms commenced this action, seeking to collaterally attack his sentence based on ineffective assistance of counsel.[1] Syms alleges the following failures of his defense counsel:

(1) Counsel failed to object to the uncharged conduct contained in the PSR.

(2) Counsel failed to adequately inform Syms as to the potential range of penalties under the sentencing guidelines prior to his plea.

(3) Counsel failed to preserve potential mitigation arguments at sentencing.

(4) Counsel withdrew Syms's objection to the PSR.

---

[1] Syms was sentenced by District Judge David R. Herndon, and this action was initially assigned to him as well. This action was transferred to the undersigned in December 2018, shortly before Judge Herndon retired from federal judicial service.

## LEGAL STANDARD

An action brought under 28 U.S.C. § 2255 represents an attempt to collaterally attack a sentence outside of the traditional avenue of appeal and as such relief under § 2255 "is available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude, or other fundamental defect that resulted in a complete miscarriage of justice. *Blake v. United States,* 723 F.3d 870, 878 (7th Cir. 2013); *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). Section 2255 cannot be used as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *Sandoval v. United States,* 574 F.3d 847, 850 (7th Cir. 2009); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004).

"[A]n evidentiary hearing is not warranted for every § 2255 petition." *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004) (citing *Key v. United States*, 806 F.2d 133 (7th Cir. 1986)). "Pursuant to § 2255, the district court has discretion to deny an evidentiary hearing where the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Id*. at 641-642 (citing *United States v. Kovic*, 830 F. 2d 680 (7th Cir. 1987)).

## ANALYSIS

*A. Applicable Law*

Claims of ineffective assistance of trial counsel can generally be raised for the first time via a Section 2255 motion, as opposed to on direct appeal. Indeed, such claims generally are better suited for collateral review under Section 2255, where a fuller record can be developed. *See, e.g.*, *Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United*

*States v. Walltower*, 643 F.3d 572, 579 (7th Cir. 2011).

The Sixth Amendment provides that in all criminal prosecutions, "the accused shall enjoy the right … to have the Assistance of Counsel for his defense." The right to assistance of counsel encompasses the right to effective assistance of counsel. *Blake*, 723 F.3d at 879 (citing *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009)).

Under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984), to succeed in showing ineffective assistance of counsel a defendant must prove that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. 688 at 669. "A court does not have to analyze both prongs of the *Strickland* test" because "[a] defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F. 3d 530, 533 (7th Cir. 1993) (citation omitted).

B. Discussion

Based on its review of the filings, the Court concludes that the issues in this action can be resolved on the existing record, as discussed below. Accordingly, an evidentiary hearing is not warranted here.

*(1) Failure to object to uncharged conduct*

Syms fails to state what uncharged conduct his counsel did not object to. Further, his counsel did make objections to the PSR, but then withdrew those objections with his agreement. Syms presents no reasons why this was an unreasonable decision by counsel. Even had those objections not been withdrawn, Syms does not present any reasons why

they would necessarily have resulted in a different outcome.

*(2) Failure to inform of potential sentencing range*

Here, Syms's claim is contradicted by the affidavit of his counsel (Doc. 7-1). Regardless of what his counsel told him, however, Syms was instructed by Judge Herndon at sentencing of the potential sentence he faced, and he indicated at that time that he had thoroughly read and understood the PSR and understood the range of potential sentences that he could face. Accordingly, Syms has shown neither that his counsel acted unreasonably nor that different action would have led to a different outcome.

*(3) Failure to preserve mitigation arguments*

Syms does not provide any arguments that he feels should have been preserved. In fact, his counsel did advance certain mitigation arguments in the sentencing memorandum, yet Judge Herndon still chose to impose a sentence at the low end of the sentencing guidelines rather than the requested below-guidelines sentence. Syms has not indicated any reasons why different mitigation arguments would have resulted in a different outcome.

*(4) Withdrawal of objections to the PSR*

As discussed above, Syms has not presented any reasons why his counsel's decision to withdraw objections was unreasonable and not a valid strategic choice. Lastly, given the responses to those objections by the United States, there is no indication that the objections would have resulted in a different outcome had they not been withdrawn.

As Syms has failed to satisfy the elements of *Strickland* on any of his claims, his

motion has no merit.

## CONCLUSION

For the reasons set forth above, the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 1) is **DENIED**. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED:  May 13, 2020**

*(signature)*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**